# SUPERIOR COURT

John Oskanian, Ex'r.
      vs.      } W.C.A.No.487
Dunn   Worsted   Mills

## RESCRIPT

### April 30, 1925

HAHN, J. This is a petition for compensation under the Workmen's Compensation Act, brought by John Oskanian, of Northbridge, Massachusetts, under power of attorney from Lucy Oskanian, widow of Archie Oskanian, late of Woonsocket, State of Rhode Island, and as executor of the will of Archie Oskanian, deceased.

From the petition, supported by the testimony, it appears that Archie Os-

kanian was in the employ of the Dunn Worsted Mills, the respondent; that on April 3, 1922, while engaged at his work his right arm was caught between two washer rolls and was badly lacerated from the fingers to the shoulder, and that he was sent to the Woonsocket Hospital, where he died on April 7th, 1922, as a result of the injuries; that he left wholly dependent upon his earnings for support at the time of his injuries, Lucy Oskanian, his widow, Melkon Oskanian, a minor son, and Margaret Oskanian, a minor daughter, his widow, son and daughter at the time of his injuries living at or near Aleppo in Syria.

The respondent admitted that the average weekly compensation of deceased for the six months' period prior to his injuries was $18.26. One-half of this amount, ($9.13), for 159 weeks, that is, from April 7, 1922, up to and including April 27, 1925, is $1451.67.

The delay in determining the questions raised by the petition and answer was brought about in whole or in part through the desire of the court to be fully informed as to the circumstances of dependency, and depositions were taken at Aleppo. For this reason no interest should be allowed, neither should the undertaker's bill be allowed only in case of no dependency. The costs of interpreter for interpreting and transcribing the interrogatories and cross-interrogatories, amounting to $30, should be allowed, making a total of $1481.67. The costs as taxed by the clerk of the court should also be allowed, and an additional 141 weekly installments at $9.13 per week, commencing May 4, 1925, totaling the sum of $1287.33 is also allowed. The suggestion of petitioner's solicitor that this amount should be sent directly to the widow would seem to be desirable, and possibly counsel may be able to enter into an agreement with the executor and attorney whereby such arrangement can be consummated. In the absence of

such agreement the compensation would be payable to the legal representatives of deceased.

The testimony in regard to dependency as presented in court at the hearing of the case prior to the answers to the interrogatories was somewhat indefinite and yet showed that through the years deceased had sent sums of money to his wife and children. Whether under the rates of exchange prevailing between Syria and the United States of America the sum of $150 per year was sufficient to support the wife and children raised some doubt in the mind of the court, but the depositions taken upon the interrogatories and cross-interrogatories at the suggestion of the court support the burden placed upon petitioner to prove that the widow and children were wholly dependent upon and supported by the deceased. From the testimony presented by the depositions such appears to be the fact, and therefore the petitioner is entitled to the payments as above set forth.

An order may be entered accordingly.

For Petitioner: Walling & Walling.

For Respondent: Gardner, Moss & Haslam.